**\*E-FILED 08-03-2010\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VALENTIN RUIZ, JOSE RUIZ, | No. C10-03358 HRL |
| Plaintiffs, <br> v. | **ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE** |
| JULIO CABRERA, BEATRIZ A. MONTOYA CABRERA, PHILLIP J. DAUNT, ATTORNEY, and DOES 1-50, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

On July 29, 2010, Valentin and Jose Ruiz filed the instant action. Although they refer to themselves here as the "Federal Plaintiffs," it appears that they are the defendants in an unlawful detainer action pending in Monterey County Superior Court. They now attempt to remove that matter here, with a request that this court stay those proceedings. For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. If, after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against

1  removal and place the burden on the petitioner to demonstrate that removal was proper. *Moore-*
2  *Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*,
3  980 F.2d 564, 566 (9th Cir. 1992)).

4  Federal courts have original jurisdiction over civil actions "arising under the
5  Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under"
6  federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause
7  of action. *Vaden v. Discovery Bank*, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims
8  asserting a federal question do not satisfy this requirement. *Id.* at 1273.

9  Here, Valentin and Jose Ruiz request that this court exercise "supplemental jurisdiction"
10  over this matter. They assert that the opposing parties and their attorney have failed to comply
11  with certain state law requirements with respect to the unlawful detainer action. Further, they
12  indicate that they have a separate lawsuit pending in state court concerning the same property.
13  However, they fail to demonstrate any basis for federal jurisdiction. Moreover, allegations in
14  their removal notice or in a response to plaintiffs' unlawful detainer complaint cannot provide
15  this court with federal question jurisdiction. Accordingly, Valentin and Jose Ruiz have failed to
16  show that this court has jurisdiction over this matter or that removal is proper on account of any
17  federal substantive law. Nor does the record presented establish that this court might have
18  subject-matter jurisdiction based on diversity. *See* 28 U.S.C. § 1332(a).

19  Because the parties have yet to consent to the undersigned's jurisdiction, this court
20  ORDERS the Clerk of the Court to reassign this case to a district court judge. The undersigned
21  further RECOMMENDS that the newly assigned judge summarily remand the case to Monterey
22  County Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve
23  and file objections to this Report and Recommendation within fourteen days after being served.
24  Dated:   August 3, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

1  5:10-cv-03358-HRL Notice mailed to:

2  Valentin Ruiz
   656 San Juan Grande Road
3  Salinas, CA 93906

4  Jose Ruiz
   656 San Juan Grade Road
5  Salinas, CA 93906